**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Corey London, Jr., *et al.*, individually and on behalf of all other similarly situated persons, | ) ) ) ) |
| Plaintiffs, | ) Case No.: 1:23-cv-00107 ) ) Judge Michael R. Barrett |
| vs. | ) ) ) |
| A-1 Quality Logistical Solutions, LLC, *et al.*, | ) ) ) |
| Defendants. | |

## ORDER

This matter is before the Court on Plaintiffs' Motion for Clarification. (Doc. 84). Plaintiffs ask for "clarification from the Court concerning the scope" of its Opinion & Order (Doc. 83) entered on September 23, 2024. (Doc. 84 PAGEID 1521). Specifically, Plaintiffs ask "whether the Court compelled Lumpers, in addition to Order Selectors, to arbitration." (*Id.*). Defendants oppose Plaintiffs' Motion, asserting that "[n]o additional clarity is needed." (Doc. 85 PAGEID 1524).

Plaintiffs' Motion rests on the presumption that the Court found Lumpers to be transportation workers exempt from arbitration under the Federal Arbitration Act's residual clause, 9 U.S.C. § 1. It did not. Rather, it found that Order Selectors were not exempt[1] and noted that 85% of the proposed collective was made up of Order Selectors. (*See* Doc. 83 PAGEID 1518–19). "On balance," then, the undersigned concluded that

---

[1] "Put another way, the goods that an Order Selector handles are (if you will) 'tabled' in the warehouse until a *different* worker, a Lumper, places them on a truck bound (we'll assume) for interstate travel. The Lumper is presumptively akin to the ramp supervisor in [*Sw. Airlines Co. v.*] *Saxon*[, 596 U.S. 450 (2022)]; the Order Selector—who 'carries out duties **further removed** from the channels of interstate commerce'—is not." (Doc. 83 PAGIED 1518) (italic and bold emphasis in original) (footnotes omitted).

1

§ 1's exemption did not apply to "**this collective** of A-1's warehouse laborers." (*Id.* PAGEID 1519) (bold emphasis added).  Accordingly, Plaintiffs—*as a collective*—were found to be subject to the FAA's enforcement provisions and, as such, instructed to arbitrate their claims under that Act.  (*Id.*).

Without more, Lumpers, as part of the collective, must (under federal law) litigate their unpaid overtime claims in arbitration.  Plaintiffs, who are the masters of their Amended Complaint, provide no authority that would allow the Court to reconfigure the FLSA collective (of Order Selectors *and* Lumpers) they proposed.

With this explanation, Plaintiffs' Motion for Clarification (Doc. 84) is **GRANTED**.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court